# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL ATTIA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:21-00280-KD-N |
| | ) |
| FORD MOTOR CO., | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff, Joel Attia, who is proceeding without counsel (*pro se*) and *in forma pauperis*, commenced this civil action by filing a complaint with the Court. *See* (Doc. 1); Fed. R. Civ. P. 3. The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (6/21/2021 electronic reference).

Following *sua sponte* review of the complaint, by order dated and entered September 16, 2021 (Doc. 7), the undersigned explained to Attia that his complaint was subject to dismissal because it (1) failed to clearly allege a basis for the Court exercising subject-matter jurisdiction over his claims, and (2) did not contain sufficient well-pleaded factual allegations plausibly suggesting that the Defendant is liable to Attia. The undersigned ordered Attia to file an amended complaint correcting these deficiencies no later than October 8, 2021, warning him that failure to do so could result in dismissal of his case. (*See id.*). The copy of that order mailed to Attia was not returned to the Court as undeliverable, and to date, Attia has filed

nothing in response. Accordingly, the undersigned finds that this action is due to be **DISMISSED without prejudice** for the reasons explained herein.

## I.    *Analysis*

### A.    Subject-Matter Jurisdiction

"It is . . . axiomatic that the inferior federal courts[,]" such as this district court, "are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss

> on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also* Fed. R. Civ. P. 8(a)(1) (a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction…"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted). *Pro se* litigants are also required to conform to procedural rules. *Moton v. Cowart,* 631 F.3d

1337, 1341 n.2 (11th Cir. 2011)

> Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden ... to allege with sufficient particularity the facts creating jurisdiction ...." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n,* 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

The complaint, which claims that jurisdiction is based on both federal question and diversity of citizenship, asserts a single claim for "motor vehicle product liability," and demands "$200 billion" against Ford Motor Company ("Ford") for "pain & suffering" allegedly suffered by Attia because an "air bag did not deploy." (Doc. 1, PageID.2). No cause of action based on a specific federal statutory grant or some federal question is apparent on the face of the complaint. Under § 1332(a), a district court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). However, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio,* 735 F.3d at 1268. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). Here, while Attia seeks more than $75,000 in damages exclusive of interests and costs, he fails to allege

either his own state of citizenship or Ford's state(s) of citizenship.[1] *See Travaglio*, 735 F.3d at 1268 (A complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, the undersigned's September 16 order explained the foregoing to Attia and ordered him to "file an amended complaint that contains 'a short and plain statement of the

---

[1] It is unclear from the complaint's allegations whether Ford is a corporation or an unincorporated artificial entity (e.g., LLC, partnership). If it is a corporation, then it is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).
 However, if Ford is an unincorporated artificial entity, then it "possesses the citizenship of all its members[,]" *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."), and Attia must therefore "list the citizenships of all [its] members…" *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

grounds for the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and sufficient allegations demonstrating those grounds." (Doc. 7, PageID.40). Attia filed nothing in response. Accordingly, this action is due to be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

### B. Section 1915(e)(2)

Because Attia has been granted leave to proceed without prepayment of the filing fee in this action under 28 U.S.C. § 1915, his complaint is subject to § 1915(e)(2), which states that "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action …—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Attia's present complaint is subject to dismissal under § 1915(e)(2)(B)(ii) because it "fails to state a claim on which relief may be granted…"

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations and some quotations omitted). *See also Duty Free Americas, Inc.*

*v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015) (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678).

Attia's complaint is light on well-pleaded factual allegations plausibly suggesting that Ford is liable for the claim asserted. Indeed, the complaint merely states that a motor vehicle airbag did not deploy, allegedly resulting in pain and suffering for Attia, without providing any other factual allegations how Ford may be liable to Attia. Attia does not even allege that Ford manufactured or installed the allegedly defective airbag.

Attia does provide additional factual detail in other documents. In his initial *in forma pauperis* motion, Attia alleges: "Air bag did not deploy in August 10-20[.] Broke neck[.] They addmitted [sic] to air bad [sic] falty [sic] in Oct. 20[.]" (Doc. 2, PageID.5). In his amended in forma pauperis motion, Attia alleges: "On August 10, 2000, I fractured my neck in a one car accident the air bag did not deploy I hit my front bumper." (Doc. 4, PageID.20). And in an unsigned filing titled "Facts of the Case," Attia alleges: "I had a crash and I hit the median head on, but my air bag in the steering wheel did not deploy, this was on August 10th 2020 I fractured my neck, I had a Ford Truck 2004 …. I [sic] December Ford announced on national news that all trucks from 2002 to 20010 [sic] had faulty air bags as mine was." (Doc. 5, PageID.26).

However, Attia is required to plausibly plead his case in his complaint, and cannot spread those allegations over multiple documents, as the Court's local rules provide that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, *must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.*" S.D. Ala. CivLR 15(a). Moreover, Attia did not sign the document entitled "Facts of the Case," as required by Federal Rule of Civil Procedure 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number … The court must strike an unsigned paper

unless the omission is promptly corrected after being called to the attorney's or party's attention.").[2]

The undersigned's September 16 order also explained the foregoing to Attia and ordered him to "amend his complaint to[,]" among other things, "satisfy Rule 8(a)(2) and Civil Local Rule 15(a). That is, his amended complaint must contain a short and plain statement of his claim(s), setting forth sufficient well-pleaded factual matter plausibly showing that he is entitled to relief[, and] must also be a self-contained pleading asserting all of his claims and causes of action, and setting forth all factual allegations supporting them, without incorporating prior pleadings or other filings." (Doc. 7, PageID.43). The undersigned further advised that, "[i]n accordance with Federal Rule of Civil Procedure 10(b), the amended complaint 'must state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances.' " (*Id.*). Attia filed nothing in response. Accordingly, in this alternative this action is due to be **DISMISSED without prejudice** *sua sponte* under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and under both Federal Rule of Civil Procedure 41(b) and the Court's inherent power for failure to obey the Court's prior order. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) ("Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case

---

[2] Attia also attached several photographs to the "Facts of the Case" filing. (*See* Doc. 5-1). Generally, only copies of "written instruments" may be incorporated into a complaint as exhibits. Fed. R. Civ. P. 10(c). Regardless, Attia cannot satisfy his pleading burden through photographs.

under the authority of either Rule 41(b) or the court's inherent power to manage its docket.").

## II. *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction, and alternatively both under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and under Federal Rule of Civil Procedure 41(b) and the Court's inherent power for failure to obey the Court's prior order, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 20th day of October 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.